UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JONATHAN DAZA, WENDY DAZA, and CINDY DAZA,

                              Plaintiffs,

          -v-

THE CITY OF NEW YORK, New York City Police Department ("NYPD") Sergeant FRANK RODRIGUEZ (Shield No. 2768), Officers CARLOS IRIZARRY (Shield No. 11048), JUANCARL PALACIOS (Shield No. 20117), VINCENT CIARDIELLO (Shield No. 02278), and JOHN DOES 1 through 5 (the names "John Doe" being fictitious, as the true names and shield numbers are not presently known), in their individual capacities,

                           Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**15 CV 4778**

       JONATHAN DAZA WENDY DAZA, and CINDY DAZA, by their attorney REBECCA HEINEGG, as and for their complaint, do hereby state and allege:

<u>**PRELIMINARY STATEMENT**</u>

1.   This is a civil rights action brought to vindicate plaintiffs' rights under the First, Fourth, and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983; and pendant claims under the Constitution of the State of New York, Article I, §§ 6, 11, and 12, and the laws of the State of New York.

2.   Plaintiffs' rights were violated when they were violently beaten and arrested by officers of the New York City Police Department ("NYPD"), who unconstitutionally and without any legal basis seized, detained, and arrested plaintiffs and subjected them to excessive force and excessively and unreasonably prolonged, unnecessary, and punitive detention.

3.   Plaintiffs' rights were further violated when defendants falsely initiated criminal proceedings against plaintiffs and caused them to be prosecuted.

4.   Plaintiffs seek a judgment: (i) declaring that the defendants violated their constitutional rights by subjecting them to utterly baseless arrests, unnecessarily prolonged detentions and unwarranted prosecutions; (ii) awarding compensatory damages for the injuries caused by defendants' unlawful conduct; and (iii) awarding punitive damages assessed against the individual defendants to deter future intentional, and/or reckless deviations from well-settled constitutional law.

## JURISDICTION AND VENUE

5.   This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the First, Fourth, and Fourteenth Amendments of the Constitution of the United States.

6.   This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4).

7.   This Court has supplemental jurisdiction over plaintiffs' claims against defendants under the Constitution and laws of the State of New York because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

8.   Pursuant to New York State General Municipal Law § 50-E, plaintiffs filed timely Notices of Claim with the New York City Comptroller on or about November 12, 2014. Plaintiffs' claims were not adjusted by the New York City Comptroller's Office within the period of time provided by statute.

9.   Venue is proper pursuant to 28 U.S.C. §1391(b) in that plaintiffs' claims arose in the Eastern District of New York.

10. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

11. Plaintiff JONATHAN DAZA is a Latino male, and at all times relevant to this action was a resident of Kings County, New York.

12. Plaintiff WENDY DAZA is a Latina female, and at all times relevant to this action was a resident of Kings County, New York.

13. Plaintiff CINDY DAZA is a Latina female, and at all times relevant to this action was a resident of Kings County, New York.

14. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers.

15. Defendants NYPD Sergeant FRANK RODRIGUEZ (Shield No. 2768), Officers CARLOS IRIZARRY (Shield No. 11048), JUANCARL PALACIOS (Shield No. 20117), VINCENT CIARDIELLO (Shield No. 02278), and JOHN DOES 1 through 5 ("individual defendants") were at all times relevant herein officers, employees and agents of the NYPD. At all times relevant to this action, the individual defendants were acting under color of state law as agents, servants, employees and officers of the NYPD. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD.

16. The true names and shield numbers of defendants JOHN DOES 1 through 5 are not currently known to plaintiff. However, all of said defendants are employees or agents of the NYPD.

17. The individual defendants are being sued in their individual capacities.

18. Defendants' acts herein complained of were carried out intentionally, recklessly, negligently, and with malice and gross disregard for plaintiffs' rights.

## STATEMENT OF FACTS

19. The incident alleged herein occurred at approximately 7:00 p.m. on September 14, 2014 in the vicinity of 5th Avenue and 46th Street in Kings County, New York, and continued thereafter as set forth below.

20. At the time and place set forth in paragraph 19, JONATHAN DAZA, WENDY DAZA, and CINDY DAZA were packing up the fruit stands that they had been operating with their parents.

21. A group of police officers, including the individual defendants, approached the Daza family as they packed up in preparation to leave. One of the individual defendants was yelling statements including "SHUT IT DOWN," "SIX-O-CLOCK MEANS SIX-O-CLOCK. YOU GUYS KNOW THE RULES," and "YOU WANNA FUCK WITH US WE'LL FUCK WITH YOU."

22. One of the individual defendants then began  aggressively approaching CINDY DAZA, asking repeatedly "WHO ARE YOU? HOW OLD ARE YOU? HOW OLD ARE YOU?"

23. JONATHAN DAZA turned to his sister CINDY DAZA and stated, "You don't have to answer that."

24. The individual defendant responded "YES SHE DOES GOTTA ANSWER IT," and then stepped toward Mr. DAZA, saying "WHO ARE YOU, HUH?"

25. Mr. DAZA answered that he was her brother.

26. The individual defendant then, with no provocation, lunged at and grabbed Mr. DAZA.

27. Several of the individual defendants threw Mr. DAZA to the ground and hit, kicked, and punched him.

28. As Mr. DAZA lay on the ground, defendant VINCENT CIARDIELLO ran at Mr. DAZA and kicked him in the back.

29. The individual defendants also grabbed and struck WENDY DAZA and CINDY DAZA as they protested their brother's treatment.

30. The individual defendants placed WENDY DAZA, CINDY DAZA, and JONATHAN DAZA under arrest.

31. JONATHAN DAZA was charged with violations of New York Penal Law § 205.30, Resisting Arrest, New York Penal Law § 240.26, Harassment in the Second Degree, and New York Penal Law § 240.20, Disorderly Conduct.

32. Mr. DAZA was held in custody for approximately 24 hours before he was arraigned and released.

33. In a sworn information, defendant IRIZARRY made the following factual allegations against Mr. DAZA:

> Deponent states that at the above time and place, which was a Sunset Park festival, defendant went up to deponent's face and clenched defendant's fists, telling deponent that deponent had no right to tell defendant's parents to stop selling fruits at the end of the festival and that defendant continued to clinch defendant's fists and stand very close to the deponent in a threatening manner after deponent asked defendant numerous times to step back.

Deponent further states that the above described conduct by the defendant caused deponent to become alarmed and annoyed.

Deponent further states that at the above time and place, when deponent attempted to place handcuffs on the defendant, defendant flailed defendant's arms, thereby preventing deponent from performing a lawful arrest.

34. Defendant IRIZARRY made these allegations knowing them to be untrue.

35. Mr. DAZA was required to return to court approximately six times to defend himself against the charges initiated against him by defendants.

36. On January 22, 2015, the charges against Mr. DAZA were dismissed.

37. CINDY DAZA was charged with violations of New York Penal Law § 120.05, Assault in the Second Degree, New York Penal Law § 120.00, Assault in the Third Degree, New York Penal Law § 205.30, Resisting Arrest, New York Penal Law § 195.05 Obstructing Governmental Administration in the Second Degree, New York Penal Law § 110/120.00, Attempted Assault in the Third Degree, New York Penal Law § 240.26, Harassment in the Second Degree, and New York Penal Law § 240.20, Disorderly Conduct.

38. In a sworn information, defendant IRIZARRY made the following factual allegations against CINDY DAZA:

Deponent states that at the above time and place, deponent observed defendant run toward and then shove police officer Juancarl Palacios Shield No. 20117, of 072 Command about officer Palacios' back, causing Officer Palacios to fall on the ground.

Deponent further states deponent is informed by officer Palacios that the above mentioned conduct by the defendant caused informant to suffer substantial pain about the hip, leg and ankle, to be treated at a local hospital and to become alarmed and annoyed.

Deponent further states that, at the above time and place, when deponent attempted to effectuate a lawful arrest of apprehended other, Jonathan Daza, defendant began to scream, yell and push deponent and other police officers out of the way, thereby preventing deponent from arresting Jonathan Daza.

Deponent further states that, at the above time and place, when deponent attempted to place handcuffs on the defendant, defendant flailed defendant's arms, thereby preventing deponent from performing a lawful arrest.

39. Defendant IRIZARRY made these allegations knowing them to be untrue.

40. As a result of the allegations made by defendant IRIZARRY, bail was set on CINDY DAZA in the amount of $1,500, and she was sent to Rikers Island.

41. CINDY DAZA was in custody for approximately two days before she was released on bail.

42. The charges against CINDY DAZA were dismissed on March 27, 2015.

43. WENDY DAZA was held in custody for approximately 24 hours before she was arraigned and released.

44. WENDY DAZA was charged with violations of New York Penal Law § 205.30, Resisting Arrest, New York Penal Law § 195.05 Obstructing Governmental Administration in the Second Degree, and New York Penal Law § 240.20, Disorderly Conduct.

45. In a sworn information, defendant IRIZARRY made the following factual allegations against WENDY DAZA:

Deponent states that at the above time and place, when deponent attempted to effectuate a lawful arrest of apprehended other, Jonathan Daza, Defendant began to scream, yell and push deponent and other police officers out of the way, thereby preventing deponent from arresting Jonathan Daza.

Deponent further states that at the above time and place, when deponent attempted to place handcuffs on the defendant, defendant flailed defendant's arms, thereby preventing deponent from performing a lawful arrest.

46. Defendant IRIZARRY made these allegations knowing them to be untrue.

47. WENDY DAZA was forced to return to court approximately seven times to defend herself against the charges initiated against her by defendants.

48. The charges against WENDY DAZA were dismissed on February 26, 2015.

7

49. As a result of this incident, plaintiffs suffered physical, psychological and emotional injuries, loss of liberty, mental anguish, suffering, humiliation, and embarrassment.

**FIRST CAUSE OF ACTION**

**DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983**

50. Plaintiffs incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

51. Defendants, under color of state law, unlawfully seized and arrested plaintiffs.

52. Defendants did not have probable cause to arrest plaintiffs, nor was it objectively reasonable for defendants to believe that they did have probable cause to arrest plaintiffs.

53. Defendants' decision to arrest plaintiffs was not based upon plaintiffs' violation of any provision of the penal law.

54. Defendants, acting willfully and maliciously, commenced and continued false prosecutions against plaintiffs, and caused them to be prosecuted.

55. Defendants did not have probable cause to commence and continue criminal proceedings against plaintiffs.

56. Plaintiffs were unjustifiably deprived of their liberty as a result of the false arrest.

57. Plaintiffs were also required to make numerous appearances to defend themselves against the proceedings initiated against them by defendants.

58. Plaintiff CINDY DAZA was also required to pay $1,500 bail as a result of the proceedings initiated against her by defendants.

59. By the conduct described above, defendants, under color of state law, subjected plaintiffs to the foregoing acts and omissions without due process of law and in violation of the First,

Fourth and Fourteenth Amendments to the United States Constitution, through 42 U.S.C. § 1983, thereby depriving plaintiffs of their rights, privileges and immunities, including, without limitation, deprivation of the following constitutional rights:

a.  Freedom to engage in protected speech, expression and association;

b.  Freedom from unreasonable seizures of his person, including but not limited to excessive pre-arraignment detention;

c.  Freedom from arrest without probable cause;

d.  Freedom from false imprisonment, meaning wrongful detention without good faith, reasonable suspicion or legal justification, and of which plaintiffs were aware and did not consent;

e.  Freedom from the lodging of false charges against them by police officers;

f.  Freedom from malicious prosecution by police, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in plaintiffs' favor;

g.  The enjoyment of equal protection, privileges and immunities under the laws.

60. As a result of defendants' deprivation of plaintiffs' constitutional rights, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, mental anguish, lost wages, humiliation and embarrassment, costs and expenses, and were otherwise damaged and injured.

**SECOND CAUSE OF ACTION**
**FALSE ARREST UNDER THE LAWS OF**
**THE STATE OF NEW YORK**

61. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

62. By the actions described above, defendants caused to be falsely arrested or falsely arrested plaintiffs, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and

9

proximate cause of injury and damage to plaintiffs and violated their statutory and common

law rights as guaranteed by the laws and Constitution of the State of New York.

63. As a result of the foregoing, plaintiffs suffered the injuries and damages set forth above.

**THIRD CAUSE OF ACTION**
**ASSAULT AND BATTERY**
**UNDER THE LAWS OF THE STATE OF NEW YORK**

64. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if

fully set forth herein.

65. By the actions described above, defendants did inflict assault and battery upon plaintiffs.

The acts and conduct of defendants were the direct and proximate cause of injury and

damage to plaintiff and violated their statutory and common law rights as guaranteed by the

laws and Constitution of the State of New York.

66. As a result of the foregoing, plaintiffs suffered injuries and damages as set forth above.

**FOURTH CAUSE OF ACTION**
**MALICIOUS PROSECUTION**
**UNDER THE LAWS OF THE STATE OF NEW YORK**

67. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if

fully set forth herein.

68. Defendants misrepresented and falsified evidence before the District Attorney of Kings

County ("District Attorney").

69. Defendants made statements of facts to the District Attorney that were untrue.

70. Defendants were directly and actively involved in the initiation of criminal proceedings

against plaintiffs.

71. Defendants lacked probable cause to initiate criminal proceedings against plaintiffs.

72. Defendants acted with malice in initiating criminal proceedings against plaintiffs.

73. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs.

74. Defendants lacked probable cause to continue criminal proceedings against plaintiffs.

75. Defendants acted with malice in continuing criminal proceedings against plaintiffs.

76. Notwithstanding defendants' misconduct, the criminal proceedings against plaintiffs were favorably terminated on the merits.

77. As a result of the foregoing, plaintiffs suffered injuries and damages as set forth above.

### FIFTH CAUSE OF ACTION
### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK
### FOR VIOLATIONS OF THE LAWS OF THE STATE OF NEW YORK

78. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

79. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant CITY, clothed with and/or invoking state power and/or authority, and, as a result, defendant CITY is liable to Plaintiffs pursuant to the state common law doctrine of *respondeat superior*.

80. As a result of the foregoing, plaintiffs suffered injuries and damages as set forth above.

### SIXTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION, AND TRAINING
### UNDER THE LAWS OF THE STATE OF NEW YORK

81. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

82. Defendant CITY negligently hired, screened, retained, supervised, and trained defendants.

83. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

84. As a result of the foregoing, plaintiffs suffered injuries and damages as set forth above.

## JURY DEMAND

Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiffs demand judgment against the defendants individually and jointly and pray for relief as follows:

a. That they be compensated for violations of their constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. That they be awarded punitive damages against the individual defendants; and

c. That they be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated:      New York, New York
            August 14, 2015

                                        Respectfully submitted,

                            By:   _____/s/_____
                                   Rebecca Heinegg
                                   *Attorney for the Plaintiffs*
                                   42 Broadway, Suite 12-122
                                   New York, New York 10004
                                   t: (212) 227-2303
                                   f: (212) 320-0230