# Law Office of Rebecca Heinegg
277 Broadway • Suite 1501 • New York, New York 10007
(212) 227-2303 • fax (212) 320-0230 • www.kunstlerlaw.net

June 19, 2017

**VIA ECF**
Honorable Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: **Daza v. City of New York, et al.**
> **15 CV 4778 (FB)(PK)**

Dear Judge Kuo,

    I am counsel for the plaintiffs in the above-captioned matter. Pursuant to Rule 37 of the Federal Rules of Civil Procedure, I write to respectfully request that this Court issue an Order holding defendant City of New York in contempt for failure to comply with the Order of this Court dated May 31, 2017, and imposing appropriate sanctions.

    By way of background, plaintiffs filed this matter on August 14, 2015, alleging that defendants falsely arrested them and subjected them to excessive force and to baseless prosecution. On January 13, 2016, plaintiffs served their first set of interrogatories and requests for production on defendants, which included a demand for:

> "all documents (including, but not limited to, interviews, investigative reports, findings and adjudications) concerning or arising from any investigation of the incident conducted by the NYPD or any officer or employee thereof, the Civilian Complaint Review Board, the Internal Affairs Bureau, the New York County District Attorney's Office, the United States Attorney's Office for the Eastern District, the Federal Bureau of Investigation, and/or any federal, state, or local law enforcement or other agency."

    During a telephone conference held on August 23, 2016, the Court directed defendant City to produce the relevant files by September 6, 2016, or to promptly apply to the Court for an order directing that the DA and IAB provide the files for production to Plaintiffs without further delay. Plaintiffs thereafter followed up with defendants multiple times, but as of the status conference held on February 13, 2017, still had not received all relevant records, and specifically, had not received documentation of the NYPD's investigation into the arrests of plaintiffs, including recorded interviews with the individual defendants. At the status conference held on February 13, 2017, the court directed counsel for defendants to produce to plaintiffs the materials requested.

Counsel for plaintiffs thereafter contacted counsel for defendant City on March 6, 2017, March 13, 2017, March 22, 2017, March 29, 2017, and April 4, 2017 in an attempt to resolve this matter. On April 7, 2017, counsel for defendants represented during a telephone conversation that the requested files should be produced in "about a week." Plaintiffs further discussed production of these materials with defendants on April 20, 2017, April 25, 2017, May 16, 2017, and May 30, 2017.

On May 30, 2017, plaintiffs filed a consent motion to compel production of documentation of the investigation into the arrests of plaintiffs, including recorded interviews with the individual defendants. On May 31, 2017, the Court ordered the New York City Police Department to produce the discovery requested by June 13, 2017. As of today's date, plaintiffs have not received the discovery requested, nor have we received any request from defendants for an extension of time.

Plaintiffs also note that the deadline for fact discovery in this matter, currently set for June 27, 2017, has now been extended <u>seven</u> times due to defendants' failure to produce relevant discovery. Plaintiffs further note that on May 22, 2017, and May 31, 2017, plaintiffs requested that defendants propose dates for depositions. Having received no response, on June 6, 2017 plaintiffs noticed depositions for defendants to take place in the latter half of June. On June 7, 2017, counsel for defendant City indicated that he had no availability in June, and would propose dates in July, and would therefore require yet another extension of the discovery deadline. On June 14, 2017, plaintiffs again requested that defendants supply proposed dates for party depositions. As of today's date, plaintiffs have received no response to this request.

"Federal Rule of Civil Procedure 37 permits the Court to impose a variety of sanctions for discovery-related abuses. *See* Fed.R.Civ.P. 37; *see also AAIpharma Inc. v. Kremers Urban Dev't Co.,* No. 02 Civ. 9628, 2006 WL 3096026, at *3 (S.D.N.Y. Oct. 31, 2006) ("Under Federal Rule of Civil Procedure ("FRCP") 37, the Court may impose sanctions for discovery-related abuses."). 'Rule 37(b) affords the court 'broad discretion in fashioning an appropriate sanction.' *Linde v. Arab Bank, PLC,* 269 F.R.D. 186, 195 (E.D.N.Y.2010) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.,* 306 F.3d 99, 101 (2d Cir.2002)). The range of sanctions available to the Court include—but are not limited to—'orders deeming certain facts established; permitting an adverse inference instruction; striking pleadings; prohibiting the 'disobedient' party from making specific claims or introducing certain matters into evidence; dismissing a claim or the entire action or granting a default judgment against the disobedient party; or entering an order of contempt.' *Linde,* 269 F.R.D. at 195 (citing *Residential Funding,* 306 F.3d at 101)." *Pall Corp. v. 3M Purification Inc.*, 279 F.R.D. 209, 212 (E.D.N.Y. 2011). Here, defendant City has utterly disregarded a direct order of this Court without explanation or justification.

For the foregoing reasons, plaintiffs respectfully request that defendant City be held in

contempt for disregarding a court order, that plaintiffs be granted leave to submit a fee application in connection with this matter, and for such other and further relief as this Court may find just and proper.

      Thank you for your time and attention to this matter.

                                            Respectfully submitted,

                                            Rebecca Heinegg, Esq.
                                            *Attorney for Plaintiffs*

cc:    Joshua Friedman, Esq.
        *Attorney for Defendant City*

        Matthew Schieffer, Esq.
        *Attorney for Defendant Rodriguez*

        Douglas LaBarbera, Esq.
        *Attorney for Defendant Ciardiello*

        **Via ECF**